IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID ELLIOT, et al.,

        Plaintiffs,        Civil No. 07-6246-TC

        v.        FINDINGS AND
                RECOMMENDATION
U.S. GOVERNMENT,

        Defendant.

COFFIN, Magistrate Judge.

Plaintiffs pro se filed an "Affidavit" alleging violations of their rights under various statutes. By Order (#6) entered September 27, 2007, plaintiffs' "Affidavit" was construed as a complaint under the Americans With Disabilities Act and 42 U.S.C. § 1983, and was dismissed for failure to state a claim. Plaintiffs were advised of the deficiencies of

1 - FINDINGS AND RECOMMENDATION

the complaint and allowed 30 days to file an amended complaint.

On October 25, 2007, Plaintiffs filed a "Response to the Order" (#7). However, plaintiffs' amended pleading fails to correct the deficiencies that let to the dismissal of their original pleading.

Plaintiffs' Response [amended complaint] alleges that they are being "denied access to federal and state court because of disability," and "an ongoing conspiracy alleging trespass, child support, denial of Civil Rights Employment, convictions obtained by fraud and theft by declaration of child support" (sic). Response (#7), p. 1.

Plaintiffs' pleading is a disjointed narrative of factual averments that includes descriptions of Karl Jentzsch's numerous arrests for trespass and related court proceedings, The other allegations have to do with litigation concerning a personal injury award of damages, garnishment of wages, and attempts to modify state court decrees regarding child support and/or custody.

Although pro se pleadings are to be interpreted liberally, the court is unable to parse any cognizable federal claims from plaintiffs' pleading, and I find that it fails to

2 - FINDINGS AND RECOMMENDATION

meet the minimal pleading standards of the federal rules.

The most fundamental pleading deficiency in plaintiffs' amended complaint is that the "U.S. Government et al" is the only named defendant. Plaintiffs have not alleged any facts that would subject the "U.S. Government" to liability under any theory.

As noted above, some of plaintiffs' allegations concern previous administrative and judicial proceedings that were concluded unfavorably to plaintiffs. This court is not the proper forum to appeal the state court proceedings described in plaintiffs' complaint.

Under the doctrine of res judicata a federal action may be barred where an earlier suit in state or federal court: involved the same claim as the present suit; reached a final judgment on the merits; and, involved the same parties or their privies. Blonder-Tongue Laboratories v. Univ. of Illinois Foundation, 402 U.S. 313, 323-24 (1977); Nordhorn v. Ladish Co., Inc., 9 F.3d 1402 (9th Cir. 1993). 28 U.S.C. § 1738 provides that a federal court will accord the judicial proceedings of any state full faith and credit. If a state court's decision has preclusive effect under state law, a federal court will ordinarily bar the suit from being

3 - FINDINGS AND RECOMMENDATION

adjudicated in federal court. Migra v. Warren City School District, 465 U.S. 75 (1984).

Therefore, plaintiffs' claims that have been previously adjudicated in state (or federal) court are not properly before this court.

As explained in the court's previous order, to state a claim under 42 U.S.C. § 1983, a plaintiff must prove that the defendant acted under the color of state law. Crumpton v. Gates, 947 F.2d 1418 (9th Cir. 1991); Gibson v. United States, 781 F.2d 1334 (9th Cir. 1986). Generally, private parties do not act under the color of state law. Price v. Hawaii, 939 F.2d 702, 707-08 (1991), cert denied, 503 U.S. 938; see also, American Manufacturing Mutual Ins. Co. v. Sullivan, 526 U.S. 40 (1999) (holding that the under color of state law element of § 1983 excludes from its reach private conduct no matter how discriminatory); West v. Atkins, 487 U.S. 42 (1998).

A private entity may become liable under § 1983 by conspiring with a state official, engaging in joint activity with state officials, or becoming so closely related to the state that the private entity's actions can be said to be those of the state. Price v. State of Hawaii, supra. However, to plead a § 1983 conspiracy between private persons and state

4 - FINDINGS AND RECOMMENDATION

officials, to satisfy the Under color of state law element of a § 1983 claim, a plaintiff must allege an agreement to deprive the plaintiff of constitutional rights. "Boilerplate allegations" of such an agreement are insufficient to satisfy this element. Theis v. Smith, 676 F. Supp. 874 (ND Ill. 1988) (citing Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336 (7th Cir. 1983)); Sales v. Murray, 862 F. Supp. 1511 (WD Va. 1994); Kamsler v. Chicago American Publishing Co., 352 F.2d 57 (7th Cir. 1965).

In this case plaintiffs' boilerplate allegations are insufficient to allege a civil rights conspiracy or to subject any private individual to liability under 42 U.S.C. § 1983.

In summary, plaintiffs have not alleged any facts that would establish they have been "denied access to federal and state court because of disability," plaintiffs' conspiracy allegations are insufficient to state a claim for "denial of Civil Rights Employment," and plaintiffs' allegations concerning "convictions obtained by fraud and theft by declarations of child support" fail to state a claim. Plaintiffs' Amended Complaint ("Response to Order") (#7) should be dismissed sua sponte for failure to state a claim. Because it is apparent that the deficiencies of the pleading

5 - FINDINGS AND RECOMMENDATION

cannot be cured by amendment, the dismissal should be with prejudice. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 5 day of Nov, 2007.

Thomas M. Coffin
United States Magistrate Judge